IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) ART OF MANLINESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-00493-CVE-JFJ |
| | ) | (Tulsa County Case No. CJ-2019-2782) |
| 1) URBANDADDY, INC. and | ) | |
| 2) LANCE BROUMAND, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants UrbanDaddy, Inc. and Lance Broumand, by and through their undersigned counsel, file this Notice of Removal of a state court action and state the following:

1.      On July 12, 2019, Plaintiff Art of Manliness, LLC ("AOM"), commenced an action against the above-named Defendants in the District Court of Tulsa County, State of Oklahoma, captioned <u>Art of Manliness, LLC, Plaintiff v. UrbanDaddy, Inc. and Lance Broumand, Defendants</u>, Case No. CJ-2019-02782.  A copy of the OSCN docket sheet is attached as Exhibit 1, and a copy of the state court Petition is attached as Exhibit 2.

2.      In such state court action, Plaintiff AOM seeks to recover money damages against both Defendants for breach of contract, fraud, negligence, breach of fiduciary duty, punitive damages, and various other claims.

3.      The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Removal to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

4.      Plaintiff is an Oklahoma limited liability company formed under the laws of Oklahoma and has its principal place of business in Oklahoma.  See also Petition, Exhibit 2, at ¶ 1.  On information and belief, all members of Plaintiff are citizens and residents of Oklahoma.

5.      Defendant UrbanDaddy, Inc. is a foreign corporation formed under the laws of Delaware and has its principal place of business in New York, New York.  See also Petition, Exhibit 2, at ¶ 2.

6.      Defendant Lance Broumand is a citizen and resident of the State of New York.  See also Petition, Exhibit 2, at ¶ 3.

7.      According to the returns of service filed in the state court action, Defendant UrbanDaddy, Inc. was served on August 8, 2019, and Defendant Lance Broumand was served on August 12, 2019.  Copies of the returns of service are attached as Exhibits 3 and 4.

8.      According to the Plaintiff's Petition, Plaintiff seeks recovery in excess of $75,000.00, exclusive of interest and costs, against both Defendants.  See Petition, Exhibit 2, at ¶¶ 30, 39, 40, 45, 46, 57, 58, 65, 67, and the prayer for relief; see also Plaintiff's pre-lawsuit demand for more than $200,000.00, Exhibit 5 hereto.

9.      This Notice of Removal is timely filed under 28 U.S.C. § 1446, because Defendants UrbanDaddy, Inc. and Lance Broumand were served with Summons and Petition on August 8, 2019 and August 12, 2019, respectively, according to the returns of service.

10.     All Defendants join in and consent to removal by and through their counsel's signature hereinbelow.

11.     No previous Notice of Removal has been filed with this Court or any other federal district court.

2

12.     Pursuant to 28 U.S.C. § 1446, attached hereto are all the following items filed of record in the state court action:

a)      Exhibit 1, the OSCN docket sheet for the state court action;

b)      Exhibit 2, the Petition filed on July 12, 2019;

c)      Exhibit 3, the return of service for Defendant UrbanDaddy, Inc.;

d)      Exhibit 4, the return of service for Defendant Lance Broumand; and

e)      Exhibit 5, Defendants also attach the Plaintiff's pre-lawsuit demand letter seeking in excess of $200,000.00, which demand letter is referred to in Plaintiff's Petition.

13.     A copy of this Notice of Removal is being filed with the District Court of Tulsa County.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, all Defendants remove the entire state court action from the District Court of Tulsa County, Oklahoma, to this United States District Court.

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: s/Richard H. Foster
Michael S. Linscott, OBA No. 17266
Richard H. Foster, OBA No. 3055
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 925-5238
mlinscott@dsda.com
rfoster@dsda.com

Attorneys for Defendants
UrbanDaddy, Inc. and Lance Broumand

3

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on September 6, 2019, a true and correct copy of the above and foregoing was mailed, with proper postage thereon, and through the ECF system, if counsel is registered, to:

Jerrick L. Irby
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706


s/Richard H. Foster
Richard H. Foster

5105669.1

# EXHIBIT 1

 OKLAHOMA
State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA

ART OF MANLINESS LLC,
    Plaintiff,
v.
URBANDADDY INC,
    Defendant, and
LANCE BROUMAND,
    Defendant.

**No. CJ-2019-2782**
**(Civil relief more than $10,000: BREACH OF AGREEMENT - CONTRACT)**

Filed: 07/12/2019

Judge: Morrissey, Linda G.

## PARTIES

ART OF MANLINESS LLC, Plaintiff
BROUMAND, LANCE, Defendant
URBANDADDY INC, Defendant

## ATTORNEYS

| **Attorney** | **Represented Parties** |
|---|---|
| IRBY, JERRICK L (Bar #30876) | ART OF MANLINESS LLC, |
| HALL ESTILL HARDWICK GABLE GOLDEN & NELSON PC | |
| 320 S BOSTON AVE., SUITE 200 | |
| TULSA, OK 74103 | |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**    Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)
        Filed By: ART OF MANLINESS LLC
        Filed Date: 07/12/2019

        **Party Name**        **Disposition Information**
        <u>Defendant:</u>
        URBANDADDY INC
        <u>Defendant:</u>
        BROUMAND, LANCE

## DOCKET



| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 07-12-2019 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 07-12-2019 | CONTRACT | BREACH OF AGREEMENT - CONTRACT | | | |
| 07-12-2019 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 07-12-2019 | PFE1 | PETITION<br>Document Available (#1044304653) 📄TIFF  📄PDF | | | $ 163.00 |
| 07-12-2019 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 07-12-2019 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 07-12-2019 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 07-12-2019 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 07-12-2019 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 07-12-2019 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 07-12-2019 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 07-12-2019 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 07-12-2019 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 07-12-2019 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 07-12-2019 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 07-12-2019 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 07-12-2019 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 07-12-2019 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE MORRISSEY, LINDA G. TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 07-12-2019 | ACCOUNT | RECEIPT # 2019-3967652 ON 07/12/2019.<br>PAYOR: HALL ESTILL TOTAL AMOUNT PAID: $ 232.14.<br>LINE ITEMS:<br>CJ-2019-2782: $163.00 ON AC01 CLERK FEES.<br>CJ-2019-2782: $6.00 ON AC23 LAW LIBRARY FEE CIVIL<br>AND CRIMINAL.<br>CJ-2019-2782: $1.66 ON AC31 COURT CLERK<br>REVOLVING FUND.<br>CJ-2019-2782: $5.00 ON AC58 OKLAHOMA COURT<br>APPOINTED SPECIAL ADVOCATES.<br>CJ-2019-2782: $1.55 ON AC59 COUNCIL ON JUDICIAL<br>COMPLAINTS REVOLVING FUND.<br>CJ-2019-2782: $7.00 ON AC64 DISPUTE MEDIATION<br>FEES CIVIL ONLY.<br>CJ-2019-2782: $0.45 ON AC65 STATE JUDICIAL<br>REVOLVING FUND, INTERPRETER SVCS.<br>CJ-2019-2782: $2.48 ON AC67 DISTRICT COURT<br>REVOLVING FUND.<br>CJ-2019-2782: $25.00 ON AC79 OCIS REVOLVING FUND.<br>CJ-2019-2782: $10.00 ON AC81 LENGTHY TRIAL FUND.<br>CJ-2019-2782: $10.00 ON AC88 SHERIFF'S SERVICE FEE<br>FOR COURT HOUSE SECURITY. | | | |
| 07-26-2019 | SMF | SUMMONS FEE - 2 | | | $ 20.00 |
| 07-26-2019 | ACCOUNT | RECEIPT # 2019-3973685 ON 07/26/2019.<br>PAYOR: HALL ESTILL TOTAL AMOUNT PAID: $ 20.00.<br>LINE ITEMS:<br>CJ-2019-2782: $20.00 ON AC01 CLERK FEES. | | | |
| 08-21-2019 | S | PARTY HAS BEEN SUCCESSFULLY SERVED. LANCE<br>BROUMAND SERVED / PERS SERV / ON 8-8-19 BY PS<br>Document Available (#1044482981) 📄TIFF 📄PDF | | BROUMAND,<br>LANCE | |
| 08-21-2019 | S | PARTY HAS BEEN SUCCESSFULLY SERVED.<br>URBANDADDY INC SERVED / CORP SERV TO LYNANNE<br>GARES / ON 8-12-19 BY PS<br>Document Available (#1044482985) 📄TIFF 📄PDF | | URBANDADDY<br>INC | |

# EXHIBIT 2

*1044304653*

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

ART OF MANLINESS, LLC,

      Plaintiff,

v.

URBANDADDY, INC. and
LANCE BROUMAND

      Defendants.

# CJ-2019-02782

LINDA G. MORRISSEY

      Case No. _____

### DISTRICT COURT
# FILED

JUL 1 2 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### PETITION

    Plaintiff Art of Manliness, LLC ("Plaintiff"), for its claims against Defendants

UrbanDaddy, Inc. ("UrbanDaddy") and Lance Broumand ("Broumand") (collectively,

"Defendants"), alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

    1.    Plaintiff is an Oklahoma limited liability company with a principal place of

business in Tulsa, Oklahoma.   Plaintiff owns and operates the men's interest website

www.artofmanliness.com ("Website").

    2.    Defendant UrbanDaddy is a foreign corporation organized under the laws of the

State of Delaware with its principal place of business in New York City, New York.  UrbanDaddy

is a lifestyle media company, focused on the intersection between hyper-relevant content and

digital innovation.   UrbanDaddy owns or operates a portfolio of websites, newsletters, and

applications that deliver content, tools, and community applications.  UrbanDaddy was founded

by Defendant Broumand in 2005.

    3.    Defendant Broumand is an individual believed to reside in New York City, New



York.

4.      Defendants deliberately engaged in significant activities in Oklahoma, including routinely doing business and purposefully marketing UrbanDaddy's products and services to customers within the State of Oklahoma, including Tulsa County.

5.      Defendants maintain and operate a commercial website through which customers located within the State of Oklahoma can immediately engage in business with Defendants.

6.      Defendants voluntarily elected to do business with Plaintiff, an Oklahoma limited liability company. This included, among other things, selling sponsorships and display advertising campaigns for placement on the Website.

7.      Defendant Broumand traveled to Tulsa, Oklahoma to discuss contractual obligations, advertising strategies, to secure Plaintiff's business, and other aspects of the parties' relationship and dealings.

8.      Defendants deliberately engaged in significant activities within Oklahoma, including paying Plaintiff quarterly advertising and marketing revenues and mailing the same to Plaintiff's principal place of business.

9.      During all times relevant to this lawsuit, Defendants routinely and purposefully called Plaintiff in Oklahoma, directed electronic and postal communications to Plaintiff in Oklahoma, and voluntarily engaged in a contractual relationship with Plaintiff in Oklahoma.

10.     Accordingly, this Court has subject matter jurisdiction and venue is proper in Tulsa County.

## **BACKGROUND FACTS**

11.     The Website is a one-stop resource for actionable advice that covers every aspect of a man's life: character, career, relationships, fitness, style, skills, and much more.

2

12.     Plaintiff devotes portions of the Website for the display of advertisements or sponsorships.

13.     Plaintiff and Defendants agreed that Defendants would represent, manage, and sell digital advertising and sponsorship campaigns for placement on the Website.

14.     Defendants managed and controlled this advertising inventory.

15.     Plaintiff provided Defendants with administrative access to the Website and its confidential analytics.  As a result, Defendants could and did make changes to the code of the Website and monitored web traffic.

16.     UrbanDaddy was paid by third-party advertisers and sponsors for the advertisements that were placed on the Website.

17.     Defendants further engaged in advertising or sponsorship campaigns and then failed to collect advertising revenues from third-parties for the benefit of Plaintiff.

18.     Defendants further persuaded Plaintiff to allow them to manage Plaintiff's programmatic advertising.  Prior to this, in the absence of an advertising or sponsorship campaign, Plaintiff's programmatic tags would be utilized to fill advertising space on the Website with payment being made directly from a programmatic advertiser to Plaintiff.

19.     Defendants, however, advised Plaintiff that allowing them to manage all programmatic advertising would decrease load times and would improve the viewabilty of advertisements, all of which would result in increased and larger direct sold campaigns.

20.     Under these agreements, UrbanDaddy agreed that it would compensate Plaintiff by paying Plaintiff a percentage of all advertising revenue.  UrbanDaddy further agreed that it would pay Plaintiff all amounts earned from programmatic advertising.  Such payments were to be made quarterly.

3

21.     UrbanDaddy failed to pay Plaintiff quarterly advertising revenues in Fourth Quarter 2017, First Quarter 2018, Second Quarter 2018, Third Quarter 2018, and Fourth Quarter 2018.

22.     Upon information and belief, instead of paying Plaintiff its quarterly advertising revenue, Defendants used Plaintiff's advertising revenue and monies owed to it to fund other, unrelated advertising campaigns, business operating expenses, or personal compensation of Defendants.

23.     When confronted with this misappropriation, Defendants acknowledged these amounts were owed to Plaintiff and again promised to pay Plaintiff the quarterly revenue payments.

## COUNT I – BREACH OF CONTRACT

24.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25.     A contract existed between Plaintiff and Defendants whereby Plaintiff agreed to allow Defendants to represent, manage, and sell digital advertising and sponsorship campaigns for placement on the Website.  Defendant UrbanDaddy was paid by third-parties for the advertising and sponsorship placements.

26.     In exchange, Defendants agreed to pay Plaintiff a percentage of the advertising revenues on a quarterly basis.

27.     Plaintiff fully performed by allowing Defendants to place advertising and sponsorship material on the Website.

28.     In addition to UrbanDaddy, Defendant Broumand represented and promised that he would personally pay all amounts owed by UrbanDaddy to Plaintiff.  Plaintiff accepted and permitted Defendants to continue running advertising and sponsorship campaigns on the Website

4

uninterrupted during Fourth Quarter 2018.

29.     Defendants breached the parties' agreement by failing, despite repeated demands, to pay Plaintiff the advertising revenue and other monies owed it.

30.     Plaintiff has suffered damages as a direct result of Defendants' breach in an amount to be determined at trial, but in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

## COUNT II – FRAUD/MISREPRESENTATION

31.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32.     Defendants intentionally mislead and misrepresented to Plaintiff that Defendants would pay Plaintiff all advertising revenues and other monies due it.

33.     Defendants further intentionally mislead Plaintiff concerning Plaintiff's programmatic advertising by representing to Plaintiff that allowing them to manage all programmatic advertising on the Website would decrease load times, improve the viewabilty of advertisements, and increase direct sold campaigns.  In reality, this simply allowed Defendants to directly receive Plaintiff's programmatic advertising revenues.

34.     Defendants intentionally mislead and misrepresented to Plaintiff that if it allowed advertising and sponsorship campaigns to continue uninterrupted in Fourth Quarter 2018 that all amounts owed would be paid in First Quarter 2019.

35.     Defendants made such material false statements and representations to Plaintiff with knowledge of their falsity and intending that Plaintiff would act in reliance on the same by permitting advertising and sponsorship campaigns uninterrupted on the Website during Fourth Quarter 2018.

36.    Alternatively, Defendants made such material false statements and representations recklessly without knowledge of its truth or falsity, as a positive assertion, intending that Plaintiff would act or rely upon it.

37.    Alternatively, Defendants owed Plaintiff a duty of full disclosure concerning their ability or intention to pay Plaintiff amounts owed. Defendants either materially misstated or failed to disclose their ability or intentions to pay Plaintiff amounts owed.

38.    Plaintiff relied on Defendants' false statements and representations to its detriment. For example, in reliance on Defendants' false statements and representations, Plaintiff permitted Defendants to continue running advertising and sponsorship campaigns uninterrupted during Fourth Quarter 2018. Defendants did so, earning significant revenue from the third-party advertisers and sponsors. To date, and despite repeated demands, Defendants have refused and failed to pay all amounts owed Plaintiff from advertising and sponsorship revenues from Fourth Quarter 2017 through Fourth Quarter 2018.

39.    Plaintiff has suffered damages as a direct result of Defendants' wrongful actions in an amount to be determined at trial, but in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

40.    Furthermore, Defendants acted intentionally, maliciously, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to an award of punitive damages for the sake of example and by way of punishing Defendants.

## COUNT III – NEGLIGENCE

41.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42.    Defendants owed a duty of care to Plaintiff to protect Plaintiff from injury.

6

43.     Defendants breached their duty of care to Plaintiff by continuing to run advertising and sponsor campaigns on the Website knowing that they either would not be able to collect revenue from third-parties or knowing that revenues would not be paid to Plaintiff and by redirecting programmatic advertising revenue away from Plaintiff and to Defendants without ensuring that Plaintiff would be paid.

44.     In doing so, Defendants commandeered valuable advertising space on the Website that would have been used by Plaintiff for other advertising or sponsor campaigns unrelated to Defendants.

45.     As a direct and proximate result of Defendants breach of their duty of care, Plaintiff has suffered damages in an amount to be determined at trial, but in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

46.     Furthermore, Defendants acted intentionally, maliciously, and in reckless disregard for the rights of Plaintiff.  As a result, Plaintiff is entitled to an award of punitive damages for the sake of example and by way of punishing Defendants.

## COUNT IV – BREACH OF FIDUCIARY DUTY

47.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     A fiduciary relationship existed between Plaintiff and Defendants that created fiduciary duties that Defendants owed to Plaintiff.

49.     Defendants held themselves out to be a leaders of online marketing for online presences such as the Website.

50.     Defendants enjoyed a position of trust and confidence with Plaintiff such that Defendants acquired influence over Plaintiff.  For example, Plaintiff provided Defendants with

7

administrative access to the Website and analytics at Defendant's request. Defendants demanded this high-level access under the pretense that they would easily be able to make changes to the Website's code and monitor web traffic, thereby improving the profitability of Plaintiff.

51.     Defendants further utilized their position of influence on Plaintiff to convince Plaintiff to continue engaging in Defendants' marketing and sponsor campaigns.

52.     Defendants utilized their position of influence on Plaintiff by promising that they would act in Plaintiff's best interests.

53.     Defendants breached their fiduciary duties to Plaintiff by, among other things, failing to act reasonably and by engaging in conduct damaging to Plaintiff, including Defendants misappropriation of monies owed to Plaintiff along with deceit, dishonesty, and deception.

54.     Defendants additionally breached their fiduciary duties to Plaintiff by engaging in advertising or sponsorship campaigns and failing to collect advertising revenues from third-parties for the benefit of Plaintiff.

55.     Defendants further breached their fiduciary duties to Plaintiff by gaining control of Plaintiff's programmatic advertising under the pretense that Defendants would increase Plaintiff's profitability. In reality, Defendants redirected programmatic advertising revenue away from Plaintiff and to Defendants without ensuring that Plaintiff would be paid.

56.     Plaintiff trusted and relied upon Defendants to act with good conduct, integrity, and loyalty and to protect Plaintiff's interests.

57.     Plaintiff has been harmed as a direct result of Defendants' breach of their fiduciary duties and misrepresentations in an amount to be determined at trial, but in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

58.     Furthermore, Defendants acted intentionally, maliciously, and in reckless disregard

8

for the rights of Plaintiff.  As a result, Plaintiff is entitled to an award of punitive damages for the sake of example and by way of punishing Defendants.

**COUNT V – UNJUST ENRICHMENT**

59.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     Defendants, as a result of their actions as alleged herein, have been unjustly enriched at Plaintiff's expense.

61.     Defendants have unjustly retained these monies and benefits that, in equity and good conscience, they should not be allowed to retain.

62.     Worse still, Defendants intentionally misled and took advantage of Plaintiff by promising that payments were forthcoming so that Plaintiff would not remove such advertisement and sponsorship campaigns from the Website.

63.     Defendants have money in their hands that, in equity and good conscience, they should not be allowed to retain.

**COUNT VI – ACCOUNTING & DISGORGMENT**

64.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65.     Plaintiff seeks an equitable accounting of such monies and disgorgement of such monies, including recovery for monies wrongfully retained by Defendants.

**COUNT VII – CONSTRUCTIVE TRUST**

66.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.     Defendants hold property of Plaintiff which they ought not, in equity and good

9

conscience, be allowed to retain. Such property and monies, including any property obtained by such monies, should be placed in a constructive trust and transferred to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Art of Manliness, LLC asks that (i) judgment be rendered in its favor and against Defendants UrbanDaddy, Inc. and Lance Broumand, jointly and severally, in an amount exceeding $75,000 to be proven at trial, plus pre-judgment and post-judgment interest; (ii) for an award of punitive damages as allowed by law; (iii) for an award of Plaintiff's reasonable attorney's fees and costs as permitted by law; (iv) that Defendants be required to account for and disgorge any monies wrongfully held; (v) that the Court impose a constructive trust over property of Plaintiff that Defendants wrongfully hold for the benefit of Plaintiff; and (vi) for such other relief as the Court may deem just and equitable.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

Jerrick L. Irby, OBA No. 30876
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone (918) 594-0400
Facsimile (918) 594-0505

**ATTORNEY FOR PLAINTIFF**

10

# EXHIBIT 3





**IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA**



DISTRICT COURT
**FILED**

AUG 2 1 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**ART OF MANLINESS, LLC,**

        **Plaintiff,**

**v.**

**URBANDADDY, INC. and
LANCE BROUMAND,**

        **Defendants.**

**Case No: CJ-2019-02782**
*Honorable Linda G. Morrissey*

### SUMMONS

    To the above named Defendant(s):   **URBANDADDY, INC.**

    You have been sued by the above-named Plaintiff and you are directed to file a written answer to the attached Petition in the office of the Court Clerk in the County named above **within twenty (20) days** after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the attached Petition within the time stated judgment may be rendered against you with costs of the action.

    Issued this __2 6__ day of July, 2019.

                        By: _____
                                 Deputy Court Clerk

(Seal)

Attorneys for Plaintiff:
Jerrick L. Irby, OBA No. 30876
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: jirby@hallestill.com

    **YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

4138836.1:004229:00002



EXHIBIT

3

P

# Affidavit of Process Server

### IN THE DISTRICT COURT OF TULSA COUNTY, STATE OF OKLAHOMA

| ART OF MANLINESS, LLC | VS | URBANDADDY, INC. and LANCE BROUMAND | CJ-2019-02782 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

KEVIN S. DUNN _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. RECEIVED 8/12/19 _____

**Service:** I served URBANDADDY, INC. _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS; PETITION _____

by leaving with LYNANNE GARES      MANAGING AGENT     At
           NAME               RELATIONSHIP

☐ Residence _____
           ADDRESS               CITY / STATE

☒ Business C/O CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808
           ADDRESS               CITY / STATE

On    8/12/19    AT    4:15 PM
         DATE              TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                                                   DATE

from _____
    CITY         STATE         ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Canceled by Litigant    ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other _____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
                                     DATE       TIME            DATE       TIME

(3)_____ (4)_____ (5)_____
   DATE       TIME            DATE       TIME            DATE       TIME

Age 45   Sex FEMALE   Race WHITE Height 5'5   Weight 180   HAIR BROWN

                                             SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 12TH day of AUGUST ,2019.

                                             SIGNATURE OF NOTARY PUBLIC

     _ORRIS ANGELO BRITT_
     NOTARY PUBLIC
     _TATE OF DELAWARE_      NOTARY PUBLIC for the state of DELAWARE
     _ommission Expires May 1, 2022_

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# EXHIBIT 4




**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**

AUG 2 1 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**ART OF MANLINESS, LLC,**

**Plaintiff,**

**v.**

**URBANDADDY, INC. and**
**LANCE BROUMAND,**

**Defendants.**

**Case No: CJ-2019-02782**
*Honorable Linda G. Morrissey*

### SUMMONS

To the above named Defendant(s):   **LANCE BROUMAND**

You have been sued by the above-named Plaintiff and you are directed to file a written answer to the attached Petition in the office of the Court Clerk in the County named above **within twenty (20) days** after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the attached Petition within the time stated judgment may be rendered against you with costs of the action.

Issued this ____26____ day of July, 2019.

By: _____
Deputy Court Clerk

(Seal)

Attorneys for Plaintiff:
Jerrick L. Irby, OBA No. 30876
**HALL, ESTILL, HARDWICK, GABLE,**
**GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: jirby@hallestill.com

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER**
**CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD**
**BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN**
**THE TIME LIMIT STATED IN THIS SUMMONS.**

4138826.1:004229:00002



EXHIBIT

4

*p*

IN THE DISTRICT COURT OF TULSA COUNTY STATE OF OKLAHOMA

Attorney: HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.

---

ART OF MANLINESS LLC

**Plaintiff(s)**

- against -

Index # CJ-2019-02782

URBANDADDY, INC., ETANO

**Defendant(s)**

File # 185.91 (CC)

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

ANDRE MEISEL BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on August 8, 2019 at 10:11 AM at

7 E. 14TH STREET APT. 923
NEW YORK, NY 10003

deponent served the within SUMMONS & PETITION on LANCE BROUMAND therein named.

**INDIVIDUAL**    by delivering a true copy of each to said Respondent personally; deponent knew the person so served to be the person described as the Respondent therein and he identified himself as such.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|------|-----------|-----------|--------------|-----------------|-----------------|
| MALE | WHITE | BLACK | 40 | 5'8 | 170 |

**MILITARY
SERVICE**    Person spoken to was asked whether the Respondent was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Respondent is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

DEPONENT HAD A PHOTOGRAPH OF SAID RESPONDENT FOR THE PURPOSE OF IDENTIFICATION AND WHICH IS ANNEXED HERETO.

Sworn to me on:  August 9, 2019

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified in New York County
Commission Expires November 26, 2019

RALPH J MULLEN
Notary Public, State of New York
No. 01MU6238632
Qualified in Queens County
Commission Expires April 11,2023

VINETTA BREWER
Notary Public, State of New York
No. 4949206
Qualified in Bronx County
Commission Expires April 3, 2023

**ANDRE MEISEL**
License #: 1372356
Invoice #: 726017

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY 10007 - (212) 619-0728  NYCDCA#1102045

726017



726017



# EXHIBIT 5



Jerrick L. Irby
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Direct Dial: (918) 594-0589
Facsimile: (918) 594-0505
jirby@hallestill.com

April 23, 2019

**CONFIDENTIAL FRE 408 & 12 O.S. 2408**
**SETTLEMENT COMMUNICATION**

VIA EMAIL: lbroumand@urbandaddy.com
and CMRRR #7018 0360 0001 5823 9748

Lance Broumand
URBANDADDY, INC.
900 Broadway, Suite 1003
New York, NY 10003

Dear Mr. Broumand:

This firm represents Art of Manliness, LLC ("AOM") concerning its dispute with UrbanDaddy, Inc. ("UD") and you, personally. On or about March 23, 2015, AOM entered into the Advertising and License Agreement ("Agreement") with UD. The parties enjoyed a mutually beneficial relationship during the Agreement, which terminated by its own terms on December 31, 2016. Thereafter, AOM and UD continued their relationship pursuant to an implied contract that arose as a result of the parties' conduct.

In late 2017, UD stopped paying amounts owed to AOM. At that time you explained that UD was in a precarious cash flow position, but convinced AOM to allow UD to continue running campaigns on AOM's website based on the promise of future payment. Recently, AOM has learned that UD and you had the ability to pay AOM, but instead used the money owed to AOM to fund other campaigns unrelated to AOM, among other things. When confronted with this misappropriation, you acknowledged UD owes AOM in excess of $200,000.00 and personally guaranteed payment of the same. In reliance on UD and your promises and representations, AOM permitted UD to continue running its tags through December 31, 2018.

AOM has sought for several months to resolve this dispute. Each time, however, you have provided additional broken promises and misrepresentations. To date, UD and you have failed to pay AOM the amounts that are uncontested and owed to AOM, with the exception of payments totaling $14,000.00. Worse still, AOM's most recent inquiries have been ignored.

AOM prefers to resolve this matter without resorting to litigation. Accordingly, AOM will accept $150,000.00 as payment in full. **This amount must be paid by May 3, 2019.** Otherwise, I am authorized to proceed with filing a lawsuit in Oklahoma against UD and you, personally. In



Hall, Estill,                    n, P.C.
Tulsa  •  Okla                   •  Denver

**EXHIBIT**
5

April 23, 2019
Page 2

such event, AOM shall seek to recover its actual damages, punitive damages, and attorneys' fees and costs as permitted by law.

This letter shall also serve as a demand that UD and you each preserve all documents, records, correspondence, and any other evidence that relates in any way to this dispute, including, but not limited to, UD's financial records and your personal financial records. Finally, UD and you should each avoid any transfers of assets, as such transfers may constitute fraudulent transfers. If forced to proceed with litigation, AOM intends to seek a full accounting of UD and you, including seeking the appointment of a receiver for UD.

All future communications should be directed to me.

Sincerely,

HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.

Jerrick L. Irby

JLI/tw